UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
:
STANLEY HARDEE,                                          :
:
Petitioner,      :
:                      18-CV-8087 (VSB) (KHP)
-against-                        :
:                         **OPINION & ORDER**
WILLIAM LEE, SUPERINTENDENT,                             :
:
Respondent.      :
:
---------------------------------------------------------X

Appearances:

Stanley Hardee
Dannemora, NY
*Pro Se Petitioner*

Dennis Andrew Rambaud
Paul Bernard Lyons
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

Currently pending before me is the objection of pro se Petitioner Stanley Hardee ("Hardee") to the Report and Recommendation of Magistrate Judge Katharine H. Parker recommending that I deny Hardee's petition for a writ of habeas corpus. (Doc. 16.) I have reviewed the Report and Recommendation and Petitioner's objections. Because I find the Report and Recommendation (Doc. 11 ("Report")) to be thorough and accurate, I overrule Hardee's objections, ADOPT the Report, and DIMISS the Petition.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[1]

On July 31, 2010, Hardee was arrested after police officers observed Hardee's car

---

[1] A more complete factual and procedural history is thoroughly set out in the Report, familiarity with which is

speeding and weaving through traffic; the search of Hardee's car uncovered a gun. (Doc. 7-6 at 10, 12, 33:12–16, 33:23–34:15, 35:13–23, 79:22–82:5, 94:24–95:5.) Hardee was charged with counts of second- and third-degree criminal possession of a weapon. (Doc. 7-1 at 3.) Hardee moved to suppress the gun from being used as evidence in his case. (Doc. 7-4 at 63.) After a suppression hearing, and, based on the testimony of the officers who arrested Hardee concerning why Hardee's behavior prompted them to search his car, (*see, e.g.*, Doc. 7-6 at 16:12–17:1, 18:11–20, 23:7–14, 52:16–25), Justice Charles H. Solomon, the presiding judge, found that the officers had sufficient cause to search Hardee's car and denied Hardee's motion, (Doc. 7-4 at 3–5).

Hardee pleaded guilty to second-degree criminal possession of a weapon and due to his prior criminal record received a sentence of 16 years to life. (Doc. 7-6 at 199:17–200:7; 221–27.)

Hardee challenged his conviction in New York State court, including through a pro se motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440 on the grounds, among other things, that the gun was obtained in violation of both the New York State and United States Constitutions, (Doc. 7-3), and through direct appeals with the assistance of counsel, (Doc. 7-4 at 164–73). Ultimately, on direct appeal the New York Court of Appeals found that the determination that the seizure of the gun was proper was supported by evidence in the record. (Doc. 7-5 at 16–17.)

On September 5, 2018, Hardee filed the present Petition pursuant to 28 U.S.C. § 2254, asserting that his suppression motion should have been granted under the Fourth Amendment to the United States Constitution. (Petition at 6.) On August 19, 2019, Magistrate Judge Parker

---

assumed.

issued the Report, (Doc. 11), recommending that the Petition be denied and dismissed. Hardee filed his objections on September 23, 2019. (Doc. 16 ("Objections").)

## II. LEGAL STANDARDS

### A. *Review of Magistrate Judge's Report*

Reviewing a magistrate judge's report and recommendation, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). I review de novo the portions of the Report to which timely and specific written objections are made. *Id.*; *see* Fed. R. Civ. P. 72(b)(3). "The objection must be 'specific and clearly aimed at particular findings in the R[eport].'" *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "Otherwise, the court will review the R[eport] strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.* (internal quotation marks omitted). Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

### B. *Habeas Relief*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

3

U.S.C. § 2254(d)(1)–(2).  Under the first test, "a writ of habeas corpus will issue only if 'a state court's application of federal law . . . is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Duhs v. Capra*, 639 F. App'x 691, 694 (2d Cir. 2016) (quoting *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (per curiam)).  "Thus, even a showing of 'clear error' will not suffice." *Id.* (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)).  A state court's factual findings are presumed correct unless the Petitioner comes forward with clear and convincing evidence to rebut the presumption.  28 U.S.C. § 2254(e)(1).

### III.     DISCUSSION

Hardee concedes in his Objections that his Petition rehashes his arguments made on appeal in the New York State judicial system that "there is no record support for [the] finding" that the gun found in his car could properly be entered into evidence under the Fourth Amendment.  (Objections at 3.)  However, he fails to identify anywhere that the Report misstates the record, nor does he proffer sufficient facts to show that any of the New York State courts erred in how they construed the record.  Instead, he simply argues, without more, that the "circumstances" did not "justify the police search" of his car.  (Objections at 4.)  This is insufficient for finding clear error in the Report's view of the facts.  *See Freeman*, 443 F. App'x at 666.

More fundamentally, as the Report correctly found, a federal court cannot upset New York's resolution of a Fourth Amendment claim through a habeas corpus petition without a showing that there was an "unconscionable breakdown in the underlying process" in which Hardee litigated the claim.  (*See* Report at 10 (quoting *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992)). [2]

---

[2] In making certain requests, Hardee ignores the highly limited nature of the review I can perform on his Petition. He asks that "[a]t the very least this Court should remand the case to the Appellate Division for factual review under

4

Hardee claims "that various deficiencies is [sic] disclosure by the people, as well as various restrictions imposed by the trial judge prevented a full and fair hearing on the issue of tainted evidence flowing from the unlawful search since the people have conceded the legality of the warrantless search[.]"  (Objections at 6.)  However, Hardee never identifies the facts that he claims resulted in the breakdown.  (Objections at 6.)

### IV. Conclusion

For the reasons stated above, Petitioner's Objections are overruled, the Report is ADOPTED in full, and his Petition is DENIED.  The Clerk of Court is respectfully directed to terminate any open motions and to close the case.

SO ORDERED.

Dated:  April 9, 2024
        New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge

---

the proper legal standard," (Objections at 6), but I have no power to order the courts of New York to reopen an appeal, nor can I dictate the standard of review that a state appellate court must use in performing its analysis.